UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OTTER PRODUCTS, LLC,

                      Plaintiff,

v.

ANTHONY CEA, et al.,

                      Defendants.
-----------------------------------------------------------X

**ORDER**

22-CV-01378 (PMH)

PHILIP M. HALPERN, United States District Judge:

Anthony Cea ("Defendant"), on June 20, 2022, filed applications for: (1) appointment of *pro bono* counsel; and (2) leave to proceed *in forma pauperis* ("IFP"). (Doc. 22, "App."; Doc. 23, "IFP App."). Otter Products, LLC ("Plaintiff") opposed both requests in papers filed on July 5, 2022. (Doc. 24, "Opp.").

## LEGAL STANDARD

The IFP statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*.; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

This is Defendant's first application for *pro bono* counsel. Defendant seeks counsel in order to "file counterclaims and cross claims against [P]laintiff on antitrust issues." (App. at 1). Defendant reports, in an incomplete and partially filled out IFP application, monthly income of $750, monthly expenses of $357, and $100 in savings. (IFP App. at 1-2). Defendant purports to be unable to "afford retainers required from the firms who have contacted [him] offering

2

representation," each of which purportedly requiring a retainer of at least $5,000. (App. at 2). Assuming without deciding the actual financial status of the Defendant, and giving the *pro se* Defendant every modicum of solicitude available, the Court will assume that Defendant has "made some showing of financial hardship" and that, therefore, consideration of the *Hodge* factors is appropriate. *See Conway v. Conway*, No. 17-CV-08245, 2018 WL 10741466, at *1 (S.D.N.Y. June 28, 2018).

As a threshold matter, the Court cannot determine at this point whether Defendant's claims, including his counterclaims relating to alleged antitrust violations are "likely to be of substance," as no motion practice and little, if any, discovery has yet taken place. *Hodge*, 802 F.2d at 61.

Each of the remaining *Hodge* factors similarly weigh against granting Defendant's application. First, Defendant has not shown that he is unable to investigate the crucial facts or present his case. Defendant filed an Answer without the assistance of counsel and asserted ten purported affirmative defenses. (Doc. 16). Defendant has not alleged that cross-examination will be the major proof presented to the fact finder. Indeed, the Court directed Defendant, as a first step in discovery, to merely produce "records in his possession relating to his sale of Otter Products." (Jun. 29, 2022 Min. Entry). The Court also directed, upon production of those records, that the parties meet and confer regarding settlement, indicative of the fact that the primary mode of discovery required to resolve the case will be documentary, rather than testimonial. *Id*. Moreover, Defendant has not shown that this matter will involve complex legal issues and, as Plaintiff correctly points out, "[t]his is a simple dispute that does not require a high degree of complexity." (Opp. at 2). Finally, Defendant has not shown why appointment of counsel would be more likely to lead to a just determination herein, given the apparent simplicity of this case. Simply put, as Defendant successfully filed an Answer and participated in an Initial Pretrial Conference on his

own, *pro bono* representation would not necessarily "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Defendant's motion for *pro bono* counsel is denied without prejudice to renew at a later date. Defendant's application to proceed IFP is denied without prejudice.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 22 and mail a copy of this Order to Defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: White Plains, New York
July 7, 2022

_____
Philip M. Halpern
United States District Judge